UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v                                               Case No. 23-11304

FRONTIER AIRLINES, INC.,

    Defendant.

| ROBERT A. CANNER, P.C. | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| By:   Robert A. Canner (P11572) | Scott R. Torpey (P36179) |
|         Michael Canner (P72777) | Timothy J. O'Connell (P79737) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Frontier Airlines, Inc.* |
| 24423 Southfield Road, Suite 200 | 27777 Franklin Road, Suite 2500 |
| Southfield, MI  48075 | Southfield, Michigan 48034 |
| (248) 552-0400 | (248) 351-3000 |
| (248) 206-0101 (Fax) | (248) 351-3082 (Fax) |
| racpcfirm@gmail.com | storpey@taftlaw.com |
| | toconnell@taftlaw.com |

### DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Taft Stettinius & Hollister LLP, and pursuant to 28 U.S.C. §§ 1332 and 1441, as well as E.D. Mich. L.R. 81.1, hereby removes the state court action entitled *Jessica Thomas v. Frontier Airlines, Inc.*, Case No. 23-004101-

NO, from the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

I.      INTRODUCTION

On April 3, 2023, Plaintiff Jessica Thomas ("Plaintiff") filed her Complaint against Frontier in the Circuit Court for the County of Wayne, Michigan. (**Exhibit A**: Complaint) Plaintiff's Complaint contains two causes of action alleged in one count against Frontier for "Negligence and Breach of Contract." (*Id.* at ¶¶ 15-28) These claims are based on the following alleged facts:

Plaintiff alleges that, on April 21, 2021, she was a passenger on a Frontier flight from Detroit Metropolitan Wayne County Airport ("DTW") to Las Vegas. (*Id.* at ¶ 7) Plaintiff alleges that, about an hour into the flight, "smoke/fumes/chemicals filled the plane/[]cabin and the plane was forced for an emergency landing." (*Id.*) The foregoing incident allegedly caused "pain and burns to Plaintiff's face, chin, neck, mouth and throat." (*Id.*) The pain and burns to Plaintiff's face, chin, neck, mouth and throat allegedly require continuing treatment. (*Id.* at ¶ 9) Plaintiff alleges that she incurred "medical expenses." (*Id.* at ¶ 28) Plaintiff also alleges that she has "scarring." (*Id.* at ¶ 9) In addition to Plaintiff's alleged burns, the smoke, fumes, or chemicals allegedly caused serious inhalation injuries with accompanying "pain and suffering." (*Id.* at ¶¶ 17, 28) Furthermore, the alleged incident allegedly caused

2

"mental distress, shock, fright and mental anxiety." (*Id*. at ¶ 21) Plaintiff alleges that the foregoing physical injuries and mental injuries are "permanent." (*Id*. at ¶ 17)

## II.  DIVERSITY JURISDICTION

Section 1441(a) authorizes removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Original jurisdiction of this action exists pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1).

   **A.   More Likely Than Not, Plaintiff Is Seeking Damages In Excess of the Jurisdictional Amount.**

      1.   <u>Plaintiff's Complaint seeks a comprehensive and open-ended amount of damages in excess of $75,000</u>.

The removing party has the burden of establishing the amount-in-controversy requirement for diversity jurisdiction. *See Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). Where a plaintiff's complaint claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate that the amount-in-controversy exceeds the statutory threshold by a preponderance of the evidence. *See Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing 28 U.S.C. § 1446(c)(2)(B)).

Here, Plaintiff's Complaint pleads an unspecified amount in damages. (**Ex. A**) However, for several reasons the amount-in-controversy that Plaintiff seeks is, more likely than not, above the federal diversity jurisdiction amount of $75,000.

First, Plaintiff specifically alleges that the amount-in-controversy exceeds the jurisdictional minimum required in the Wayne County Circuit Court, which is more than $25,000. (*Id*. at ¶ 3, pg. 4); *see also Speck v. Cunningham*, No. 322466, 2015 WL 7368483, at *1 (Mich. Ct. App. Nov. 19, 2015) (citing MCL 600.605, 600.8301(1) for the jurisdictional minimum of more than $25,000 in Michigan Circuit Courts). Therefore, Plaintiff expressly has pled a sum of at least $25,001.

Second, Plaintiff alleges that the alleged incident and Frontier's negligence and/or breach of contract caused Plaintiff to incur:

- "pain and burns to Plaintiff's face, chin, neck, mouth and throat," which allegedly require continuing treatment, allegedly are "permanent," and allegedly caused "scarring" (*id*. at ¶¶ 7, 9, 17);

- serious inhalation injuries with accompanying "pain and suffering." (*id*. at ¶¶ 17, 28);

- "medical expenses" (*id*. at ¶ 28); and

- "mental distress, shock, fright and mental anxiety," which allegedly are "permanent" (*id*. at ¶¶ 17, 21).

Third, judgments or settlements for such alleged incidents and claimed injuries regularly have awarded well in excess of $75,000. *See e.g.*, *Lloyd v. American Airlines, Inc.*, JVR No. 432729, 2004 WL 4191907 (verdict of $6,500,000

4

in case involving "smoke inhalation [and] post-traumatic stress disorder" when airplane on which plaintiff was a passenger caught fire on the runway requiring emergency exit from the aircraft); *Weaver v. Delta Air Lines, Inc.*, JVR No. 407273 (verdict of $1,000,000 in case involving alleged posttraumatic stress disorder when airline announced that plaintiff's flight would have to make an emergency landing due to damage to the plane); *Morrissey v. American Airlines, Inc.*, JVR No. 175672, 1996 WL 232723 (verdicts of $213,260 and $88,750 – $419,000 and $174,000 when adjusted for inflation – in case involving posttraumatic stress disorder when the defendant airline's plane skidded off the runway while landing, resulting in plaintiffs' emergency evacuation down escape chutes); *Johnson v. Williamson*, JVR No. 422711, 2000 WL 35368941 (case involving "chemical burns to [] eye, face, and neck, with resultant scarring" settled for $175,000); *Jones v. Lef, Inc.*, JVR No. 164618, 1995 WL 726873 (verdict of $56,000 – over $107,000 when adjusted for inflation – for case involving "minor burns and respiratory problems after inhaling toxic fumes when [plaintiff's] truck caught fire")

Importantly, Plaintiff is claiming past pain and suffering and medical expenses, continuing treatment and medical expenses, and scarring and permanent physical and mental injuries. That is, Plaintiff is claiming past, present, and future damages. (**Ex. A**, ¶¶ 7, 9, 17, 21, 28)) This Court has previously found that numerous bodily injuries, "combined with an open-ended request for an unspecified amount of

5

damages," made it more likely than not that the amount in controversy exceeded $75,000. *Barber v. Zurich American Ins. Co.*, 2015 WL 93530, at *2 (E.D. Mich. Jan. 7, 2015) (internal quotation marks omitted); *see also*, *Brewer v. Schindler Elevator Corp.*, No. 16-13133, 2017 WL 676942, at *2 (E.D. Mich. Feb. 21, 2017).

Therefore, consistent with this Court's prior holdings, Frontier has shown by a preponderance of the evidence an amount-in-controversy in excess of $75,000, which satisfies the federal diversity jurisdiction requirement under Section 1332(a)(1).

B. **Complete Diversity of Citizenship Exists**

There is complete diversity of citizenship between Plaintiff and Frontier under Section 1332(a)(1). Plaintiff is alleged to be a resident and citizen of Michigan. (**Ex. A**, ¶ 1) Plaintiff correctly alleges that Frontier is a "foreign" corporation: i.e., a corporation outside the State of Michigan. (*Id.* at ¶ 2) In fact, Frontier is incorporated in the State of Colorado, and its principal office and place of business is in Denver, Colorado. (**Exhibit B** [Frontier's Secretary of State registration details]) Thus, for purposes of diversity jurisdiction, Frontier is a citizen of Colorado. *See* 28 U.S.C. § 1332(c)(1) ("For the purposes of this section and section 1441 of this title[,] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

Plaintiff is a citizen of Michigan, and Frontier is a citizen of Colorado, so there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## III. FRONTIER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness of Removal

Plaintiff filed her Complaint on April 3, 2023. (**Ex. A**) Frontier was served with Plaintiff's Complaint on May 4, 2023. This Notice of Removal is therefore timely filed within thirty (30) days from the date of receipt of Plaintiff's Complaint and within one (1) year from the date this action was filed. *See* 28 U.S.C. § 1446(b).

### B. Venue is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Michigan is the district court embracing the Michigan county (Wayne) in which the removed action was pending. *See* E.D. Mich. L.R. 83.10(a).

### C. Notice

Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending, and will serve a copy of this notice on the Plaintiff. Frontier will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Frontier does not

7

waive, and hereby reserves, its rights to assert any and all objections and defenses to the Plaintiff's Complaint.

## IV. CONCLUSION

The Court has original subject matter jurisdiction over this action based on diversity jurisdiction, 28 U.S.C. § 1332, and Frontier respectfully removes this action from the Circuit Court for the County of Wayne, Michigan, to this Court under 28 U.S.C. § 1441.

Dated: June 1, 2023

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By: /s/Scott R. Torpey
Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@taftlaw.com
toconnell@taftlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine M. Abrignani
Katherine M. Abrignani