UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v

                              Case No. 23-11304

                              Honorable Laurie J. Michelson
                              Magistrate David R. Grand

FRONTIER AIRLINES, INC.,

    Defendant.

---

| ROBERT A. CANNER, P.C. | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| By:    Robert A. Canner (P11572) | Scott R. Torpey (P36179) |
|         Michael Canner (P72777) | Timothy J. O'Connell (P79737) |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Frontier Airlines, Inc.* |
| 24423 Southfield Road, Suite 200 | 27777 Franklin Road, Suite 2500 |
| Southfield, MI  48075 | Southfield, Michigan 48034 |
| (248) 552-0400 | (248) 351-3000 |
| (248) 206-0101 (Fax) | (248) 351-3082 (Fax) |
| racpcfirm@gmail.com | storpey@taftlaw.com |
| | toconnell@taftlaw.com |

---

**DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

    Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby submits its Answer to Plaintiff's Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. At all relevant times herein, Plaintiff, JESSICA THOMAS, pertinent hereto, is and have been at all times a resident of the City of Roseville, Macomb County, Michigan.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them,].

2. At all relevant times herein, Defendant, FRONTIER AIRLINES, INC., is a foreign profit corporation with the business ID 801047255, and is/was licensed to conduct business, and did conduct business, in the City of Detroit, Wayne County, Michigan (LARA search attached).

**ANSWER:** Admitted.

3. Plaintiff, JESSICA THOMAS, seek an amount of compensation from Defendant, FRONTIER AIRLINES, INC., which exceeds Twenty-Five Thousand dollars ($25,000.00).

**ANSWER:** Admitted that Plaintiff allegedly is seeking damages in excess of $25,000, but denied that Plaintiff is entitled to any such damages, and denied that Frontier is liable for any such damages.

4. This Court has jurisdiction over the parties and claims named and asserted herein.

ANSWER: Admitted that the Wayne County Circuit Court, where Plaintiff filed her Complaint and from which this action was removed, had proper subject

4879-4051-3892.v1

matter jurisdiction over this action; however, answering further, subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1332.

5.   Venue is proper in this Court.

**ANSWER:**  Admitted that the Wayne County Circuit Court, where Plaintiff filed her Complaint and from which this action was removed, was a proper venue for this action; however, answering further, venue is proper in this Court pursuant to E.D. Mich. L.R. 83.10(a).

## GENERAL ALLEGATIONS

6.   Plaintiff restates each and every allegation above as if set forth fully herein.

**ANSWER:**  Frontier restates each and every answer to each and every allegation above as if set forth fully herein.

7.   That on or about Wednesday, April 21, 2021, Plaintiff was on 8:49 PM Frontier Airlines Inc. flight with ticket number K534HL, from Detroit Metropolitan Wayne County Airport to Las Vegas, when about an hour into the air, smoke/fumes/chemicals filled the plane/Plaintiff cabin and the plane was forced for an emergency landing in North Carolina.  Fumes caused pain and burns to Ms. Thomas's face, chin, neck, mouth and throat.

**ANSWER:** Admitted that on April 21, 2021, Plaintiff was a ticketed passenger onboard Frontier flight 2131 with scheduled service from the Detroit

4879-4051-3892.v1

Metropolitan Wayne County Airport ("DTW") to Harry Reid International Airport (then McCarran International Airport) ("LAS"). Denied that "smoke/fumes/chemicals filled the plane/Plaintiff cabin," as alleged, and Plaintiff's alleged injuries are denied.

8. Plaintiff's ticket details is [sic] in Defendants' possession and a copy is attached.

**ANSWER:** Admitted that, on April 21, 2021, Plaintiff was a ticketed passenger on Frontier flight 2131.

9. That on or about Wednesday, April 21, 2021 Plaintiff suffered pain and burns to her face, chin, neck, mouth and throat which required continued treatment.

**ANSWER:** Denied.

10. At the time of ("the Loss"), Plaintiff was duly insured by Defendant.

**ANSWER:** Denied as stated.

11. Plaintiff notified Defendant, and is requesting reimbursement for the pain and suffering.

**ANSWER:** Denied as stated.

12. Plaintiff submitted numerous satisfactory proof of loss to Defendant within a reasonable time (latest Proof of Notice attached).

**ANSWER:** Denied as stated.

13. Plaintiff fully and/or substantially complied with the terms of Defendants' policy.

**ANSWER:** Denied as stated.

14. Despite receiving satisfactory notice of the proof of pain, suffering and burns, Defendant has failed to pay benefit owing under the Policy and has refused to admit coverage under the same.

**ANSWER:** Denied as stated.

### NEGLIGENCE AND BREACH OF CONTRACT ALLEGATIONS

15. That the Plaintiff restates each and every allegation above as if set forth fully herein.

**ANSWER:** Frontier restates each and every answer to each and every allegation above as if set forth fully herein.

16. That on or about April 21, 2021, the Plaintiff was a passenger on Defendant's property/plane, that is subject of this lawsuit.

**ANSWER:** Admitted that on April 21, 2021, Plaintiff was a ticketed passenger onboard Frontier flight 2131.

17. That on or about April 21, 2021, smoke/fumes/chemicals ensued/occurred on the Defendant's plane, causing burns to Plaintiff's face, chin, neck, mouth and throat, and caused scarring, permanent mental and physical serious injuries, due to smoke/fumes/chemicals inhalation by the Plaintiff.

4879-4051-3892.v1

**ANSWER:** The alleged incident is denied as stated, and Plaintiff's alleged injuries are denied.

18. That during the flight time the fumes/smoke/chemicals release occurred ("the First Loss"), Plaintiff was duly insured by Defendant.

**ANSWER:** Denied as stated.

19. That the Plaintiff, gave timely notice about incurred losses to Defendant.

**ANSWER:** Denied as stated.

20. Plaintiff fully and/or substantially complied with the terms of Defendants' policy.

**ANSWER:** Denied as stated.

21. That as a direct and proximate result of the Defendant's negligence, as hereinbefore alleged, Plaintiff, sustained serious injuries including not limited to smoke inhalation, burns to her face, chin, neck, mouth, throat, scarring, mental distress, shock, fright and mental anxiety.

**ANSWER:** Denied.

22. That Plaintiff suffered injuries and other losses as a result of Defendant's negligence ( [sic] 554.139(1)(a), in failing to maintain safe premises for Plaintiff and their passengers; and to ensure compliance with all safety and fire codes.

**ANSWER:** Denied.

23. That notwithstanding the duties and obligations imposed on said Defendant by the Statutes of the State of Michigan and the rules of common law, Defendant, did breach the aforementioned duties and as a proximate result thereof in failing to maintain a safe plane causing Plaintiff, to sustain serious injuries more particularly set forth herein.

**ANSWER:** Denied.

24. That the Defendant breached its duties in the following particulars:

  a. Failure to warn passengers of the dangers of fire/smoke/fumes/chemicals which it knows or has created;

  b. Failure to inspect the plane to discover possible dangerous conditions of which it did not know;

  c. Failure to take reasonable precautions to protect Plaintiff and the other passenger, from dangers that are foreseeable; and to ensure the safety of their [sic] in compliance with all safety and fire codes.

  d. Failure to act in a reasonable and prudent manner under the same circumstances as will become more apparent through discovery.

**ANSWER:** Denied, including all subparts a. – d.

25. Plaintiff hereby restates and incorporates the preceding allegations as it

set forth fully herein.

**ANSWER:** Frontier restates each and every answer to each and every allegation above as if set forth fully herein.

26. That Michigan Compiled Law provides "That the premises and all common areas/cabin/plane are fit for the use intended by the parties."

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached, and accordingly, denied.

27. That MCL 554.139(3) provides that the privilege to inspect the premises does not relieve the Defendant/plane owner of the duty to keep the premises fit for the use intended by the parties.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached, and accordingly, denied.

28. That Plaintiff's smoke inhalation, medical expenses and pain and suffering was a direct and foreseeable consequence of Defendant's breach of its

4879-4051-3892.v1

statutory duty.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Taft Stettinius & Hollister LLP, states the following as its affirmative defenses and/or avoidances in this matter, which may be amended or withdrawn as additional facts become known:

1. No duty: Plaintiff's claims are barred in whole or in part since Frontier did not owe the alleged duties to Plaintiff.

2. No breach of duty: Plaintiff's claims are barred in whole or in part since Frontier did not breach any duty owed to Plaintiff.

3. Lack of causation: There is no causal relationship between the injuries allegedly suffered by Plaintiff and Frontier's alleged acts and omissions.

4. No vicarious liability: Frontier cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any independent contractor.

5. Indemnity: Frontier is entitled to indemnification from other parties, third-parties, and/or non-parties.

6. Choice of law: Plaintiff's claims are governed by and barred in whole or in part by laws other than the laws of the State of Michigan.

7. Federal preemption: Plaintiff's claims are preempted in whole or in

part by federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. 1.1, *et seq.*; the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. § 1301 *et seq.*, now recodified and incorporated into 49 U.S.C. § 40101, *et seq.*); and/or the Airline Deregulation Act of 1978, 49 U.S.C. § 41713.

9.  Failure to state a claim:  Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted, including but not limited to Plaintiff's failure to properly or adequately set forth the federal standard(s) of care as a requisite element of their claims, and Plaintiff has not otherwise set forth the federal standard(s) of care alleged to have been breached.

10. Statute of limitations/period of limitations/notice:  To the extent claims were brought after the expiration of the applicable statute of limitations, period of limitations, contractual limitations period, and/or notice period, Plaintiff's claims are barred.

11. Comparative negligence:  Plaintiff's claims are barred in whole or at least in part by her own negligent acts.

12. Third-party fault and/or negligence: Plaintiff's claims are barred in whole or at least in part by third-party fault and/or negligence.

13. Non-party fault and/or negligence: Plaintiff's claims are barred in whole or at least in part and/or liability must be apportioned by the fault and/or

negligence of non-parties to be timely identified.

14. Intervening or superseding cause: The damages Plaintiff claims to have suffered were caused by event(s) that occurred after the incident described in the Complaint.

16. Unrelated, pre-existing, subsequent conditions: Plaintiff's alleged injuries were the result of unrelated, pre-existing, and/or or subsequent conditions unrelated to Frontier's alleged acts and omissions.

17. No actual injuries: Plaintiff suffered no actual injuries related to Frontier's alleged acts and omissions.

18. No actual damages: Plaintiff suffered no actual damages related to Frontier's alleged acts and omissions.

19. Speculative damages: Plaintiff cannot recover for her alleged damages that are speculative in nature.

20. Failure to mitigate damages: Plaintiff failed to mitigate her damages or take reasonable steps to minimize or prevent the damages Plaintiff claims to have suffered.

21. Set-Off: Frontier asserts that if it is liable to Plaintiff, which liability Frontier expressly denies, then Frontier is entitled to a set-off for all settlements/benefits received by Plaintiff's.

22. No hazardous or dangerous condition: Plaintiff's Complaint is barred

in whole or in part, since the alleged facilities and/or premises at issue had no hazardous or dangerous condition at the time of the alleged incident.

23. No unreasonable risk of harm: Plaintiff's Complaint is barred, in whole or in part, since the hazard or condition alleged to have caused injury to Plaintiff was not one that created an unreasonable risk of harm.

24. Lack of notice: Plaintiff's Complaint is barred, in whole or in part, since Frontier had no notice of any hazards, risks, or liabilities associated with an alleged dangerous condition on its premises about which Plaintiff complains, nor was any alleged hazard or defect of which Plaintiff complains the nature or in existence of the duration that Frontier should have known of the existence of any hazards, risks, or liabilities associated with an alleged dangerous condition.

25. Inspection: Plaintiff's Complaint is barred, in whole or in part, since any dangerous condition alleged by the Plaintiff's was not known to Frontier, nor did reasonable inspection of the premises uncover the hazard or defect that was alleged by Plaintiff.

26. No "special aspects": Plaintiff's Complaint is barred, in whole or in part, because the complained-of condition presents no "special aspects" under Michigan law.

27. Reservation: Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated

4879-4051-3892.v1

above, Frontier may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant Frontier Airlines, Inc. respectfully requests that this Court dismiss Plaintiff's claims with prejudice, with costs, including but not limited to reasonable attorney fees to Frontier as well as any other legal and equitable relief to which Frontier may be entitled.

### JURY DEMAND

Defendant Frontier Airlines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury as applicable to all claims and defenses in this case, with the exception of issues of law that are appropriate for the Court to decide.

Respectfully Submitted:

TAFT STETTINIUS & HOLLISTER LLP

/s/Scott R. Torpey
By:   Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
Dated:  June 8, 2023                (248) 351-3082 (Fax)
storpey@taftlaw.com
toconnell@taftlaw.com

4879-4051-3892.v1

## CERTIFICATE OF SERVICE

I, Katherine M. Abrignani, state that I am an employee of Taft Stettinius & Hollister LLP, and that on June 8, 2023, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

/s/Katherine M. Abrignani
Katherine M. Abrignani

4879-4051-3892.v1