UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case No. 23-11304
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

# ORDER TO ATTEND SCHEDULING CONFERENCE AND NOTICE OF REQUIRMENTS FOR SUBMISSION OF DISCOVERY PLAN

The parties are hereby directed to appear telephonically for a Case Management and Scheduling Conference (the "Conference") on September 8, 2023, at 1:30 p.m. before the Honorable Laurie J. Michelson.

To participate in the conference, dial into the Eastern District of Michigan's telephone conference system at (313)261-7355. The system will then provide directions for joining the call; when asked for a Conference ID, use 622 190 072. If possible, please refrain from participating in the conference on a cell phone.

The purpose of this Conference is to make the Court aware of the issues involved, discuss the possibility of settlement, discuss the proportionality of the discovery process, and to establish appropriate case management dates. Prior to the Conference, counsel shall have a meaningful meet and confer in order to prepare a Joint Case Management Report/Discovery Plan (the "Plan") in accordance with Federal Rule of Civil Procedure 26(f). The Plan shall follow the format and address the Agenda Items listed below. The Plan must be filed with the Court no later than **five (5) calendar days** before the Conference. If any party is proceeding without counsel, separate Plans may be filed. Following the Conference, the Court will enter its own Case Management and Scheduling Order.

The following Agenda Items are to be addressed in the written Plan:

    1. **Related Cases**: Identify any pending related cases or previously adjudicated related cases.

2. **Jurisdiction**: Explain the basis of the Court's subject-matter jurisdiction over the Plaintiff's claims and Defendant's counter-claims. Plaintiff should also identify any pendant state law claims. If any Defendants remain unserved, explain the plan to complete service.

3. **Venue:** Explain why venue is proper in this Court.

4. **Factual Summary**: Provide a brief description of the nature of the action and a summary of Plaintiff's claims and Defendant's defenses. Identify the core factual issues that are likely to be most determinative for this dispute.

5. **Legal Issues**: Identify the legal issues genuinely in dispute. Also identify any dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

6. **Amendment of Pleadings**: Identify any anticipated amendments of pleadings to add or delete claims, defenses, or parties. The Court expects the parties to be familiar with the Federal Rules of Civil Procedure regarding amendment of pleadings, including those rules that pertain to amendment as of right.

7. **Discovery**: (a) Summarize the discovery each party intends to pursue, including expert witnesses, and any anticipated disputes; (b) Explain how the discovery process will satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1) (by, as examples, identifying the most important subjects and the most accessible sources of information about those subjects; stating how the parties intend to balance the costs of discovery with the amounts at stake in the litigation; and explaining how the parties intend to pursue only that discovery that is truly necessary to resolve the case); (c) Pursuant to paragraph (b), identify every parties' three (3) key witnesses that should be deposed first and the key documents that should be produced up front, as well as any other arrangements for exchanging initial disclosures required by Fed. R. Civ. P. 26(a)(1); (d) indicate whether any document requests have been delivered pursuant to Fed. R. Civ. P. 26(d); and (e) address whether there is a need for a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d).

8. **Electronic Discovery**: Explain the agreement reached by the parties' for the preservation and discovery of electronic discovery and whether implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information (http://www.mied.uscourts.gov/pdffiles/

SteehEsiOrderChecklist.pdf) is warranted. The parties are also encouraged to consult this District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, attached to the Model Order linked to above. At the very least, the parties' agreement should cover (a) the ESI to be preserved; (b) the form in which any ESI will be produced (i.e., native format, PDF, paper, etc.); (c) whether to limit discovery of ESI to particular sources or custodians, at least as an initial matter; and (d) search terms or methods to be used to identify responsive materials.

9. **Settlement**: Explain the prospects for settlement and whether the parties are interested in Case Evaluation (see E.D. Mich. LR 16.3) or other methods of alternate dispute resolution, without indicating the positions of each side. Identify the discovery that would be most helpful in evaluating likelihood of settlement.

10. **Consent**: Indicate jointly whether the parties consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

11. **Trial**: Identify whether this will be a jury or bench trial and the estimated length of trial. Also identify when each side can be ready for trial.

12. **Miscellaneous**: Identify any other matters any party considers conducive to the just, speedy, and efficient resolution of this matter.

Each party should be prepared to address these Agenda Items. Required rules, forms, and pretrial practices are available on the Court's website at www.mied.uscourts.gov and Judge Michelson's Practice Guidelines.

Dated: August 25, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
U.S. DISTRICT JUDGE