UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case No. 23-11304

Honorable Laurie J. Michelson
Magistrate David R. Grand

## THE PARTIES' JOINT DISCOVERY PLAN

The parties, by and through their counsel, Radner Law Group PLLC for Plaintiff Jessica Thomas, and Taft Stettinius & Hollister LLP for Defendant Frontier Airlines Inc, and pursuant to Fed. R. Civ. P. 26(f) and the Court's Aug. 25, 2023 Order (ECF No. 13), hereby submit the following discovery plan:

1

**1. Related Cases: Identify any pending related cases or previously adjudicated related cases.**

    There are no related cases.

**2. Jurisdiction: Explain the basis of the Court's subject-matter jurisdiction over the Plaintiff's claims and Defendant's counter-claims. Plaintiff should also identify any pendant state law claims. If any Defendants remain unserved, explain the plan to complete service.**

    As set out in Frontier's Notice of Removal (ECF No. 1), the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) since the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**3. Venue: Explain why venue is proper in this Court.**

    Venue in this removed action is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the district court embracing the Michigan county (Wayne) in which the removed action was pending. *See also* E.D. Mich. LR 83.10(a).

**4. Factual Summary: Provide a brief description of the nature of the action and a summary of Plaintiff's claims and Defendant's defenses. Identify the core factual issues that are likely to be most determinative for this dispute.**

    Plaintiff alleges that on or about Wednesday April 21, 2021, Plaintiff was on a Frontier Airlines flight with ticket number K534HL, from Detroit Metropolitan Wayne County Airport to Las Vegas, when about an hour into the air, smoke/fumes/chemicals filled the plane. As a result, the plane was forced to make an emergency landing in North Carolina or somewhere else, other than the original

intended location. These fumes caused pain and burns to Ms. Thomas's face, chin, neck, mouth and throat. Plaintiff further avers that Defendant will admit that something other than breathable air was present in the plane and that whatever that substance was, it made contact with Plaintiff. The ultimate question will therefore be whether Plaintiff suffered damages as a result. Plaintiff claims "Yes."

Frontier's defenses: Frontier did not owe any residential premises duties to Plaintiff, as alleged in Plaintiff's Complaint, and Frontier did not breach any applicable duty or standard of care. Frontier denies that the alleged "smoke/fumes/chemicals" incident caused Plaintiff to suffer any "pain and burns to her face, chin, neck, mouth and throat which required continued treatment," "shock, fright and mental anxiety," or "scarring, permanent mental and physical serious injuries," as alleged in Plaintiff's Complaint.

**5. Legal Issues: Identify the legal issues genuinely in dispute. Also identify any dispositive or partially dispositive issues appropriate for decision by motion or by agreement.**

Plaintiff anticipates being able to prove liability against Frontier to the extent that summary judgment will be granted in her favor as to liability.

Frontier anticipates that after a reasonable opportunity for discovery Plaintiff will lack evidence to support any theory of recovery against Frontier, whether arising in premises liability, ordinary negligence, contract, or otherwise. Frontier anticipates that it will file a motion for summary judgment after the close of discovery.

**6. Amendment of Pleadings: Identify any anticipated amendments of pleadings to add or delete claims, defenses, or parties. The Court expects the parties to be familiar with the Federal Rules of Civil Procedure regarding amendment of pleadings, including those rules that pertain to amendment as of right.**

Plaintiff anticipates filing an amended complaint that will include claims of negligence, premises liability, and breach of contract. Plaintiff respectfully requests 14 days from the entry of this Order to file an Amended Complaint.

At this time, Frontier does not anticipate the need to seek leave to file an amended answer or affirmative defenses to Plaintiff's original Complaint.

**7. Discovery: (a) Summarize the discovery each party intends to pursue, including expert witnesses, and any anticipated disputes; (b) Explain how the discovery process will satisfy the proportionality requirements of Fed. R. Civ. P. 26(b)(1) (by, as examples, identifying the most important subjects and the most accessible sources of information about those subjects; stating how the parties intend to balance the costs of discovery with the amounts at stake in the litigation; and explaining how the parties intend to pursue only that discovery that is truly necessary to resolve the case); (c) Pursuant to paragraph (b), identify every parties' three (3) key witnesses that should be deposed first and the key documents that should be produced up front, as well as any other arrangements for exchanging initial disclosures required by Fed. R. Civ. P.26(a)(1); (d) indicate whether any document requests have been delivered pursuant to Fed. R. Civ. P. 26(d); and (e) address whether there is a need for a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d).**

Plaintiff will issue discovery requests to ascertain what Frontier's position is on the theory of liability and will request all reports, statements, and statements that relate to the subject incident, whether conducted by Defendant, a governmental agency, or a third party. Plaintiff furthers intends to discover whether the NTSB conducted an investigation about the subject incident or if the

NTSB had conducted prior investigations that would have forewarned Defendant. Plaintiff intends to depose a number of passengers as well the flight crew and perhaps EMS members who were dispatched to the aircraft.

To address the Court's specific list: Plaintiff would anticipate first deposting the person(s) who conducted the investigation(s), at least one EMS responder, and at least one member of the flight crew. The most significant document would be whatever reports exist that document what transpired on the subject flight and what substance, other than breathable air, was present on the flight that could have caused Plaintiff's injuries.

Frontier will issue comprehensive written discovery requests to Plaintiff immediately following the Rule 16 conference. Frontier will issue records subpoenas and Freedom of Information ("FOIA") requests to third-parties, including but not limited to first responders and Plaintiff's treating physicians. Frontier will depose Plaintiff. Frontier will depose the physicians who treated all of Plaintiff's alleged injuries. Frontier likely will produce the flight crew for depositions to testify about the alleged incident from perspective of the aircraft cockpit. Frontier likely will produce flight attendants for depositions to testify about the alleged incident from the perspective of the passenger cabin. Frontier anticipates potentially taking the deposition of certain passengers in the cabin, including those seated most closely to Plaintiff. Frontier anticipates the need for a protective order to govern the disclosure of information that is proprietary, privileged or otherwise subject to protection.

Frontier has retained a liability consultant who may be disclosed as an expert to opine about issues related to aircraft and component operations and maintenance, accident reconstruction, and piloting. Frontier anticipates retaining additional medical consultants who may be disclosed as experts to opine about the nature and extent of Plaintiff's alleged injuries, treatments, and residuals, if any. Such medical experts may perform physical or mental examinations of Plaintiff.

**8. Electronic Discovery: Explain the agreement reached by the parties for the preservation and discovery of electronic discovery and whether implementation of this District's Model Order Relating to the Discovery of Electronically Stored Information (https://www.mied.uscourts.gov/PDFFIles/ModelESIDiscoveryOrderAndRule26fChecklist.pdf) is warranted. The parties are also encouraged to consult this District's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, attached to the Model Order linked to above. At the very least, the parties' agreement should cover (a) the ESI to be preserved; (b) the form in which any ESI will be produced (i.e., native format, PDF, paper, etc.); (c) whether to limit discovery of ESI to particular sources or custodians, at least as an initial matter; and (d) search terms or methods to be used to identify responsive materials.**

Frontier does not believe that electronic discovery will be critical in this case, that implementation of the District's Model Order Relating to the Discovery of ESI is not warranted under the circumstances, and there is no need for third-party vendors for searching or collecting ESI at this time. Frontier states that ESI, if any, is to be produced via email link to documents stored on a server (e.g., Mimecast, Dropbox).

Plaintiff tends to agree with Defendant's belief.

**9. Settlement: Explain the prospects for settlement and whether the parties are interested in Case Evaluation (see E.D. Mich. LR 16.3) or other methods of alternate dispute resolution, without indicating the positions of each side.**

**Identify the discovery that would be most helpful in evaluating likelihood of settlement.**

Plaintiff has no interest ion case evaluation, but would be agreeable to a private facilitation with an agreed upon facilitator.

Frontier is not interested in case evaluation, but Frontier is open and willing to engage in ADR: namely, private facilitation after the close of discovery or beforehand if the parties agree that they are positioned for and interested in pursuing resolution.

**10. Consent: Indicate jointly whether the parties consent to the jurisdiction of a United States Magistrate Judge as provided in 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.**

The parties do not consent to the jurisdiction of a United States Magistrate Judge. See Joint Notice Regarding Lack of Consent to Magistrate Judge Jurisdiction (ECF No. 8).

**11. Trial: Identify whether this will be a jury or bench trial and the estimated length of trial. Also identify when each side can be ready for trial.**

This will be a jury trial estimated to be 10 days. The parties will be ready for trial six months after the close of all discovery, a reasonable opportunity to resolve the matter through private facilitation, and the resolution of any dispositive motions.

**12. Miscellaneous: Identify any other matters any party considers conducive to the just, speedy, and efficient resolution of this matter.**

There are no further issues to discuss at this time.

Respectfully submitted:

TAFT STETTINIUS & HOLLISTER LLP

By: /s/Timothy J. O'Connell
Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
storpey@taftlaw.com
toconnell@taftlaw.com


/s/ Solomon M. Radner
Solomon M. Radner (P73653)
Attorney for Plaintiff
Radner Law Group PLLC
17515 W. Nine Mile Road, Ste 1050
Southfield, MI 48033
T: 877-723-6375
Solomon@RadnerLawGroup.com


**DATED: August 29, 2023**

## CERTIFICATE OF SERVICE

The undersigned certifies that on ____8/29/23____ the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.
By _____ Overnight Courier _____ Fax __ E-mailed
_____ Hand Delivered _____ U.S. Mail __X__ E-filed
_____ Certified Mail _____ Scanned _____ Other

Signature: _/s/_ Solomon M Radner_____