UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v.

                                      Case No. 23-11304

                                      Honorable Laurie J. Michelson
                                      Magistrate David R. Grand

FRONTIER AIRLINES, INC.,

    Defendant.

---

| RADNER LAW GROUP PLLC | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| Solomon M. Radner (P73653) | Scott R. Torpey (P36179) |
| *Attorney for Plaintiff* | Timothy J. O'Connell (P79737) |
| 17515 W. Nine Mile Rd., Ste. 1050 | *Attorneys for Defendant Frontier Airlines, Inc.* |
| Southfield, Michigan 48075 | 27777 Franklin Road, Suite 2500 |
| (877) 723-6375 | Southfield, Michigan 48034 |
| (866) 571-1020 (Fax) | (248) 351-3000 |
| solomon@radnerlawgroup.com | (248) 351-3082 (Fax) |
| | storpey@taftlaw.com |
| | toconnell@taftlaw.com |

**STIPULATED PROTECTIVE ORDER FOR THE EXCHANGE OF CONFIDENTIAL INFORMATION**

    WHEREAS, the parties hereto having agreed to the entry of a Stipulated Protective Order as evidenced by the signatures of their respective counsel appended hereto and the Court having approved such Stipulated Protective Order, IT IS HEREBY ORDERED:

3948927

1. Any and all documents containing information which is proprietary and confidential to one or more of the parties may be designated "Confidential Information" or "Proprietary Information" (hereinafter referred to only as "Confidential Information"). Any deposition testimony regarding the same may also be designated "Confidential Information," and then shall also be protected and subject to this Order.

2. Confidential Information is to be used only for purposes of this litigation and for no other purpose. Confidential Information will not be made available or known to any person except the attorneys of record, their support staff, the Court, the parties (including any employees), mediators, and expert witnesses or consultants.

3. The parties will identify records or information subject to this Protective Order by clearly designating the same as Confidential Information. The parties will identify portions of deposition transcripts subject to this Protective Order by letter setting forth the designation, transmitted within thirty (30) days of the deposition.

4. This Protective Order does not prevent the parties from using Confidential Information during any deposition or court proceeding, including trial, and use of Confidential Information during any deposition or court proceeding shall

not result in the waiver or deprivation of the confidentiality of such Confidential Information.

5. Experts or consultants and their respective staffs whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case may have access to Confidential Information. Each such expert or consultant shall be bound by and given a copy of this Order, and shall be subject to the jurisdiction of this Court for proceedings related to this Order.

6. At the conclusion of this litigation, by judgment or otherwise, all Confidential Information shall be returned to the party producing the same along with all copies thereof unless the producing party directs otherwise in writing.

7. Any party may designate any or all portions of depositions taken pursuant to this litigation, interrogatory answers or other discovery responses as Confidential Information, pursuant to Paragraph 1. The use and disclosure of such designated portions shall be governed by the same rules that govern the use or disclosure of Confidential Information.

8. Challenging Confidential Designation. A party ("Challenging Party") may oppose the designation of protected material at any time before trial in the Litigation. The Designating Party shall bear the burden of justifying its decision. Before filing any motion, the Challenging Party shall notify the Designating Party of the disagreement and attempt to resolve the matter through a meet and confer. If

the matter cannot be resolved, the Challenging Party shall file a motion with the Court to resolve the designation dispute. Until the matter is resolved by the Court, all documents, information and things with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the Designating Party as prescribed in this Order. Upon request, the Court may at any time examine and review in camera any document governed by the terms of this Order. The parties shall take all reasonable efforts to resolve any such disputes. The Court, upon a showing of good cause, may order the removal of the Confidential Information designation. The court may also expand the definition of Confidential Information.

9. A party that wishes to file any pleading or document which contains Confidential Information with the Court for any purpose must file it in accordance with this Court's procedures for filing such Confidential Information under seal:

    a. Filing Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to

preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. See E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

      b.    Notice to Designating Party. Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 9.A. and Eastern District of Michigan Local Rule 5.3. If an agreement is not

5

reached, then the Designating Party may file a motion in compliance with paragraph 9.A. and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

10. If any Confidential Information is used in any proceeding in this case, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to protect such Confidentiality against misuse or disclosure.

11. This Order shall survive the final termination of this case with respect to any Confidential Information.

12. Nothing in this Order shall prevent any party from applying to the Court for a modification of this Order should the moving party have good cause to believe that this Order, as originally entered, is hampering its efforts to prepare for trial, and nothing in this Order shall prevent any party from applying to this Court for further or additional protective orders or from entering into an agreement between the parties to any modification of this Order.

13. Nothing in this Order shall require a party to produce privileged information or shall constitute a waiver of any privilege. However, the parties shall produce privilege logs as required under Fed. R. Civ. P. 26(b)(5).

14. The following "clawback" provisions are applicable to the production of privileged or protected information:

6

a.  <u>No Waiver by Disclosure</u>. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") discloses information in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

b.  <u>Notification Requirements; Best Efforts of Receiving Party</u>. A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged. [For purposes of this Order, Protected Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, the Receiving Party must promptly take steps to delete or sequester the restored protected information.]

c.  <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within seven business days of receipt of the notice of disclosure—seek a meet and confer conference with opposing counsel and move the court for an order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal

7

in compliance with paragraph 9.A. and Local Rule 5.3, and must not assert as a ground for compelling disclosure the fact or circumstance of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

d. <u>Stipulated Time Periods</u>. The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c).

e. <u>Attorney's Ethical Responsibilities</u>. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

f. <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information.

g. <u>In Camera Review</u>. Nothing in this Order limits the right of any party to petition the Court for an in camera review of the Protected Information, and such request shall not be withheld by either party absent a showing of good cause for doing so.

h. <u>Voluntary and Subject Matter Waiver</u>. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

i. <u>Rule 502(b)(2)</u>. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

Dated: September 13, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE

I stipulate to entry of the above order.
Notice and hearing upon entry are waived:

| RADNER LAW GROUP PLLC | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| By: /s/Solomon M. Radner<br>     Solomon M. Radner (P73653)<br>*Attorney for Plaintiff*<br>17515 W. Nine Mile Rd., Ste. 1050<br>Southfield, Michigan 48075<br>(877) 723-6375<br>solomon@radnerlawgroup.com | By: /s/Scott R. Torpey<br>     Scott R. Torpey (P36179)<br>     Timothy J. O'Connell (P79737)<br>*Attorneys for Defendant, Frontier Airlines, Inc.*<br>27777 Franklin Road, Suite 2500<br>Southfield, Michigan 48034<br>(248) 351-3000<br>storpey@taftlaw.com<br>toconnell@taftlaw.com |

Dated: September 13, 2023