UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff.

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case Number: 23-cv-11304
Hon. Laurie J. Michelson

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Jessica Thomas, by and through counsel, Solomon M. Radner and Radner Law Group PLLC, and for her First Amended Complaint against Frontier Airlines, Inc., states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jessica Thomas was at all pertinent times a resident of the state of Michigan, residing in Macomb County in the City of Roseville.

2. Defendant Frontier Airlines Inc ("Frontier") was at all pertinent times a foreign corporation authorized to do business in the State of Michigan with a principal office in Denever, Colorado. Defendant Frontier was at all pertinent times a common carrier engaged in the business of transporting passengers by air for hire.

3. The facts giving rise to this action revolve around a Frontier flight that took off from Detroit Metropolitan Airport in Wayne County.

4. The Court has personal jurisdiction over Defendant, because Defendant purposely availed itself of the privilege of doing business in the State of Michigan.

5. Venue is proper in this Court pursuant to 28 USC 1332(a) and 28 USC 1391. Further, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

## FACTUAL ALLEGATIONS

6. On Wednesday April 21, 2021, Plaintiff was on a Frontier Airlines Inc flight with ticket number K534HL, from Detroit Metropolitan Wayne County Airport to Las Vegas.

7. On April 21, 2021, Defendant, FRONTIER, was the operator of the subject flight, upon which this action is based.

8. On April 21, 2021, the subject flight was conducted on an aircraft owned, leased, operated, staffed, maintained, or otherwise controlled by Defendant, FRONTIER (hereinafter "the subject aircraft").

9. On April 21, 2021, Defendant, FRONTIER, was responsible for the safe operation of the subject aircraft and the safety and well-being of its passengers.

10. On April 21, 2021, Defendant, FRONTIER, was responsible for the training, management, supervision, and/or control of its crew members aboard the subject flight, including but not limited to the crew's adherence to Defendant's standard safety policies and protocol.

11. On April 21, 2021, Defendant, FRONTIER, had a non-delegable duty to ensure that the subject aircraft was properly maintained and kept in a reasonably safe condition, free from any hazards or defects that might present a danger to passengers aboard the subject flight.

12. On April 21, 2021, Defendant, FRONTIER, had a non-delegable duty to ensure that its passengers were not exposed to hazardous conditions aboard the subject aircraft that may have resulted in injuries to those passengers.

13. On April 21, 2021, Plaintiff, JESSICA THOMAS, was a fare-paying passenger lawfully ticketed to fly aboard the subject flight.

14. On April 21, 2021, Plaintiff, JESSICA THOMAS, was caused to become injured while aboard the subject aircraft due to the negligence, carelessness and/or recklessness of Defendant.

15. Specifically, on April 21, 2021, about an hour into the subject flight, smoke, fumes, chemicals, or something else other than breathable air filled the plane cabin, forcing the plane to make an emergency landing.

16. This substance caused pain and burns to Ms. Thomas's face, chin, neck, mouth and throat.

17. Plaintiff's ticket is in Defendants' possession. There thereby existed an agreed upon contract of carriage between the parties.

18. Plaintiff is without any fault whatsoever.

## **COUNT I – NEGLIGENCE**

19. Plaintiff incorporates by reference all prior allegations.

20. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to take suitable precautions for the safety of passengers aboard the subject aircraft.

21. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to adhere to its established safety practices and procedures.

22. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by knowingly causing, permitting, and/or allowing the existence of a hazardous substance to fill the cabin air, aboard the subject plane.

23. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, JESSICA THOMAS, was injured, and suffered pain, agony, humiliation, and mental anguish, and in the future shall continue to suffer from same.

24. Defendant owed a duty to Plaintiff and breached that duty, directly causing foreseeable harm to Plaintiff.

25. Defendant further failed to act with a level of care that a reasonable person would have exercised under the same circumstances, thereby directly causing foreseeable harm to Plaintiff.

### COUNT II – PREMISES LIABILITY

26. Plaintiff incorporates by reference all prior allegations.

27. Plaintiff was an invitee of Defendant, having been a paying customer on the date in question. Defendant had a duty to the Plaintiff to ensure that the subject plane was in good repair and would not cause injury to Plaintiff.

28. Defendant breached its duty, thereby causing foreseeable harm to Plaintiff.

### COUNT III – BREACH OF CONTRACT

29. Plaintiff incorporates by reference all prior allegations.

30. Plaintiff and Defendant were parties to a contract of carriage, which is in Defendant's possession. Essentially, that contract provided for Defendant to fly Plaintiff to an agreed destination.

31. Defendant breached that agreement by allowing something other than breathable air to fill the air cabin, which caused injury to Plaintiff, and forced Frontier to land somewhere other than the agreed upon destination.

WHEREFORE, Plaintiff respectfully prays of this Honorable Court that judgment be entered in favor of Plaintiff and against Defendant, and that the Court award all damages permitted by law.

                                            Respectfully Submitted,

                                            /s/ Solomon M. Radner
                                            Solomon M. Radner (P73653)
                                            Attorney for Plaintiff
                                            Radner Law Group PLLC
                                            17515 W. Nine Mile Road, Ste 1050
                                            Southfield, MI 48033
                                            T: 877-723-6375
                                            Solomon@RadnerLawGroup.com

DATED:   SEPT. 22, 2023

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

                                            /s/ Solomon M. Radner
                                            Solomon M. Radner (P73653)
                                            Attorney for Plaintiff

DATED:   SEPT. 22, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that on \_\_\_\_9/22/23\_\_\_\_ the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings.

By    \_\_\_\_\_ Overnight Courier  \_\_\_\_\_ Fax    \_\_ E-mailed

       \_\_\_\_\_ Hand Delivered   \_\_\_\_ U.S. Mail   \_\_\_X\_\_ E-filed

       \_\_\_\_\_ Certified Mail      \_\_\_\_\_ Scanned    \_\_\_\_\_ Other

Signature: \_/s/\_ Solomon M Radner_____