UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA THOMAS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.,

    Defendant.

Case No. 23-11304

Honorable Laurie J. Michelson
Magistrate David R. Grand

---

| RADNER LAW GROUP PLLC | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| Solomon M. Radner (P73653) | Scott R. Torpey (P36179) |
| *Attorney for Plaintiffs* | Timothy J. O'Connell (P79737) |
| 17515 W. Nine Mile Rd., Ste. 1050 | *Attorneys for Defendant Frontier Airlines, Inc.* |
| Southfield, Michigan 48075 | 27777 Franklin Road, Suite 2500 |
| (877) 723-6375 | Southfield, Michigan 48034 |
| (866) 571-1020 (Fax) | (248) 351-3000 |
| solomon@radnerlawgroup.com | (248) 351-3082 (Fax) |
| | storpey@taftlaw.com |
| | toconnell@taftlaw.com |

---

## DEFENDANT FRONTIER AIRLINES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby submits its Answer to Plaintiff's First Amended Complaint as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jessica Thomas was at all pertinent times a resident of the state of Michigan, residing in Macomb County in the City of Roseville.

**ANSWER:** Frontier lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

2. Defendant Frontier Airlines Inc ("Frontier") was at all pertinent times a foreign corporation authorized to do business in the State of Michigan with a principal office in Denver, Colorado. Defendant Frontier was at all pertinent times a common carrier engaged in the business of transporting passengers by air for hire.

**ANSWER:** Admitted.

3. The facts giving rise to this action revolve around a Frontier flight that took off from Detroit Metropolitan Airport in Wayne County.

**ANSWER:** Admitted that the allegations raised in Plaintiff's First Amended Complaint include and involve a Frontier flight that allegedly took off from the Detroit Metropolitan Wayne County Airport ("DTW"), which is located in Wayne County, Michigan.

4. The Court has personal jurisdiction over Defendant, because Defendant purposely availed itself of the privilege of doing business in the State of Michigan.

**ANSWER:** Denied as stated; however, Frontier is not contesting the Court's *in personam* jurisdiction in the above-captioned action.

5. Venue is proper in this Court pursuant to 28 USC 1332(a) and 28 USC 1391. Further, the amount in controversy is in excess of $75,000.00, exclusive of interest and costs, and is otherwise within the jurisdiction of this Honorable Court.

**ANSWER:** Denied as stated. Admitted that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1), and admitted that venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) and E.D. Mich. L.R. 83.10(a).

## FACTUAL ALLEGATIONS

6. On Wednesday April 21, 2021, Plaintiff was on a Frontier Airlines Inc flight with ticket number K534HL, from Detroit Metropolitan Wayne County Airport to Las Vegas.

**ANSWER:** Admitted that on April 21, 2021, Plaintiff was a passenger with ticket K534HL on Frontier flight 2131 from DTW to then McCarran International Airport ("LAS"), in Las Vegas, Nevada.

7. On April 21, 2021, Defendant, FRONTIER, was the operator of the subject flight, upon which this action is based.

**ANSWER:** Admitted that on April 21, 2021, Frontier operated flight 2131 from DTW to LAS.

8. On April 21, 2021, the subject flight was conducted on an aircraft owned, leased, operated, staffed, maintained, or otherwise controlled by Defendant, FRONTIER (hereinafter "the subject aircraft").

**ANSWER:** Admitted.

9. On April 21, 2021, Defendant, FRONTIER, was responsible for the safe operation of the subject aircraft and the safety and well-being of its passengers.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached.

10. On April 21, 2021, Defendant, FRONTIER, was responsible for the training, management, supervision, and/or control of its crew members aboard the subject flight, including but not limited to the crew's adherence to Defendant's standard safety policies and protocol.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached.

11. On April 21, 2021, Defendant, FRONTIER, had a non-delegable duty to ensure that the subject aircraft was properly maintained and kept in a reasonably safe condition, free from any hazards or defects that might present a danger to passengers aboard the subject flight.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached.

12. On April 21, 2021, Defendant, FRONTIER, had a non-delegable duty to ensure that its passengers were not exposed to hazardous conditions aboard the subject aircraft that may have resulted in injuries to those passengers.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore, no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached.

13. On April 21, 2021, Plaintiff, JESSICA THOMAS, was a fare-paying passenger lawfully ticketed to fly aboard the subject flight.

**ANSWER:** Admitted.

14. On April 21, 2021, Plaintiff, JESSICA THOMAS, was caused to become injured while aboard the subject aircraft due to the negligence, carelessness and/or recklessness of Defendant.

**ANSWER:** Denied.

5

15. Specifically, on April 21, 2021, about an hour into the subject flight, smoke, fumes, chemicals, or something else other than breathable air filled the plane cabin, forcing the plane to make an emergency landing.

**ANSWER:** Denied.

16. This substance caused pain and burns to Ms. Thomas's face, chin, neck, mouth and throat.

**ANSWER:** Denied.

17. Plaintiff's ticket is in Defendants' possession. There thereby existed an agreed upon contract of carriage between the parties.

**ANSWER:** Denied that Plaintiff's ticket is in Frontier's possession, as alleged. The remaining allegations are admitted.

18. Plaintiff is without any fault whatsoever.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact. Therefore, no answer is required. To the extent that an answer is required, however, denied.

## COUNT I – NEGLIGENCE

19. Plaintiff incorporates by reference all prior allegations.

**ANSWER:** Frontier incorporates by reference all answers to all prior allegations.

20. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to take suitable precautions for the safety of passengers aboard the subject aircraft.

**ANSWER:** Denied.

21. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by failing to adhere to its established safety practices and procedures.

**ANSWER:** Denied.

22. On April 21, 2021, Defendant, FRONTIER, through its employees, agents, servants and/or contractors, was negligent, careless and/or reckless insofar as Defendant violated its non-delegable duty of care to passengers, and Plaintiff in particular, by knowingly causing, permitting, and/or allowing the existence of a hazardous substance to fill the cabin air, aboard the subject plane.

**ANSWER:** Denied.

23. As a direct and proximate result of Defendant's negligence, carelessness and/or recklessness, Plaintiff, JESSICA THOMAS, was injured, and

suffered pain, agony, humiliation, and mental anguish, and in the future shall continue to suffer from same.

**ANSWER:** Denied.

24. Defendant owed a duty to Plaintiff and breached that duty, directly causing foreseeable harm to Plaintiff.

**ANSWER:** Denied.

25. Defendant further failed to act with a level of care that a reasonable person would have exercised under the same circumstances, thereby directly causing foreseeable harm to Plaintiff.

**ANSWER:** Denied.

## COUNT II – PREMISES LIABILITY

26. Plaintiff incorporates by reference all prior allegations.

**ANSWER:** Frontier incorporates by reference all prior answers to all prior allegations.

27. Plaintiff was an invitee of Defendant, having been a paying customer on the date in question. Defendant had a duty to the Plaintiff to ensure that the subject plane was in good repair and would not cause injury to Plaintiff.

**ANSWER:** Frontier neither admits nor denies the allegations, which state conclusions of law not allegations of fact, and mischaracterize the duty. Therefore,

no answer is required. To the extent that an answer is required, however, Frontier states that, to the extent any duty was owed, none was breached.

28. Defendant breached its duty, thereby causing foreseeable harm to Plaintiff.

**ANSWER:** Denied.

### COUNT III – BREACH OF CONTRACT

29. Plaintiff incorporates by reference all prior allegations.

**ANSWER:** Frontier incorporates by reference all prior answers to all prior allegations.

30. Plaintiff and Defendant were parties to a contract of carriage, which is in Defendant's possession. Essentially, that contract provided for Defendant to fly Plaintiff to an agreed destination.

**ANSWER:** Admitted that Plaintiff and Frontier were parties to Frontier's Contract of Carriage then in force and effect. The remaining allegations that "essentially" attempt to restate in one sentence the many terms and conditions of Frontier's Contract of Carriage are denied as stated. Answering further, the terms and conditions of Frontier's Contract of Carriage speak for themselves.

31. Defendant breached that agreement by allowing something other than breathable air to fill the air cabin, which caused injury to Plaintiff, and forced Frontier to land somewhere other than the agreed upon destination.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES AND AVOIDANCES

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its attorneys, Taft Stettinius & Hollister LLP, states the following as its affirmative defenses and/or avoidances in this matter, which may be amended or withdrawn as additional facts become known:

1. Failure to state a claim: Plaintiff's Complaint fails to state claims upon which relief can be granted.

2. Contractual Limitations Period: Plaintiff's claims are barred in whole or in part by the contractual limitations period in Frontier's Contract of Carriage, to which Plaintiff was a party, and which states in pertinent part, "Time Limit for Action - No legal action may be brought by a passenger against Frontier unless commenced within 6 months from the date of the alleged incident."

3. Superseding/Intervening Cause: Plaintiff's claims are barred in whole or in part by superseding/intervening events.

4. Third-Party and/or Non-Party Fault: Plaintiff's claims are barred in whole or in part by the fault or negligence of third parties and/or non-parties to this action.

5. Comparative and/or Contributory Negligence: Plaintiff's claims are barred in whole or at least in part to the extent of Plaintiff's negligence, if any.

6. Unrelated, Pre-existing, Subsequent conditions: Plaintiff's damages were the result of unrelated, pre-existing, and/or or subsequent conditions unrelated to Frontier's alleged acts and omissions.

7. Lack of Causation: There is no causal relationship between the injuries allegedly suffered by Plaintiff and Frontier's alleged acts and omissions.

8. No Actual Injuries: Plaintiff suffered no actual injuries related to Frontier's alleged acts and omissions.

9. No Vicarious Liability: Frontier cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any independent contractor or separate entity.

10. Federal Preemption: Federal law, including but not limited to the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713, and/or the Federal Aviation Act of 1958, 49 U.S.C. § 40101, *et seq.*, preempts Plaintiff's state law claims in whole or in part.

11. Plaintiff's claims are barred in whole or in part since the alleged premises at issue had no hazardous or dangerous conditions at the time of the alleged incident.

12. Plaintiff's claims are barred in whole or in part since the hazard or condition alleged to have caused injury to Plaintiff was not one that created an unreasonable risk of harm.

13. Plaintiff's claims are barred in whole or in part since Frontier had no actual or constructive notice of any hazards, risks, or liabilities associated with an alleged dangerous conditions on the premises about which Plaintiff complains, nor was any alleged hazard or defect of which Plaintiff complains of a nature or duration such that Frontier should have known of the existence of any hazards, risks, or liabilities associated with an alleged dangerous condition on the premises.

14. Plaintiff's claims are barred in whole or in part since any dangerous condition alleged by the Plaintiff was not known to Frontier, nor did reasonable inspection of the premises uncover the hazard or defect that was alleged by Plaintiff.

15. Failure to Mitigate: Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate her alleged damages.

16. Speculative Damages: Plaintiff cannot recover for her alleged damages to the extent any such damages are wholly speculative in nature.

17. Reservation: Affirmative defenses are those that are waived if not timely asserted in a responsive pleading. Therefore, Frontier reserves the right to amend its affirmative defenses, add to them, and/or delete those that no longer apply, up through and including at trial.

Wherefore, Frontier respectfully requests that this Court enter an order dismissing with prejudice Plaintiff's claims against it and requiring Plaintiff to pay all of Frontier's costs and expenses, including attorneys' fees, incurred in defending against Plaintiff's claims.

## JURY DEMAND

Defendant Frontier Airlines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury as applicable to all claims and defenses in this case, with the exception of issues of law that are appropriate for the Court to decide.

Respectfully Submitted:

TAFT STETTINIUS & HOLLISTER LLP

/s/Scott R. Torpey
By: Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant Frontier Airlines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000

Dated: November 30, 2023 (248) 351-3082 (Fax)
storpey@taftlaw.com
toconnell@taftlaw.com

## CERTIFICATE OF SERVICE

I, Katherine M. Abrignani, state that I am an employee of Taft Stettinius & Hollister LLP, and that on November 30, 2023, I served the foregoing papers and this *Certificate of Service* via the Court's electronic filing system.

/s/Katherine M. Abrignani
Katherine M. Abrignani